# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER J. KRONER,

      **Plaintiff,**

v.                                       **Civil Action No.  5:11cv23**
                                                    **(Judge Stamp)**

THE CIRCUIT COURT OF MINERAL
COUNTY WEST VIRGINIA,

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff filed a civil complaint against the above-named defendant on February 14, 2011.  In the complaint, the plaintiff asserts that he is being held in jail pursuant to an unsigned, and presumably, improper, criminal complaint.  As relief, the plaintiff asks that the defendant pay him ten million dollars and withdraw the indictment against him.  The plaintiff seeks permission to proceed *in forma pauperis* in this case.

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Complaints which are frivolous or malicious, must be dismissed.  28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v.</u>

Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

It is well established that absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted). In this case, the plaintiff is essentially asking this Court to find that his indictment is defective, order his release from custody, and award him compensatory damages for his alleged illegal confinement. To do so, this Court would have to interfere in a pending state criminal matter. However, the plaintiff has not demonstrated any exceptional circumstances which would merit this type of extraordinary relief.

For this reason, the undersigned recommends that the plaintiff's complaint [dckt. 1] be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim upon which relief may be granted, and his motion to proceed as a pauper [dckt. 2] be **DENIED as moot**.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A

---

[1]Id. at 327.

copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. The failure to timely file objections as set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 16, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE