IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER J. KRONER,

Plaintiff,

v. Civil Action No. 5:11CV23
(STAMP)

THE CIRCUIT COURT OF MINERAL
COUNTY WEST VIRGINIA,

Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING THE PLAINTIFF'S MOTION
TO PROCEED AS A PAUPER AS MOOT**

I. Background

The pro se[1] plaintiff, Christopher J. Kroner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he alleges that he is being held in jail pursuant to an unsigned and improper criminal complaint. The plaintiff now seeks $10 million and his indictment withdrawn.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge John S. Kaull for an initial review and for a report and recommendation on disposition of this matter. The magistrate judge issued a report and recommendation recommending that the plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted and that

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

his motion to proceed as a pauper be denied as moot. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court

finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 326-28 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). Accordingly, under that standard, courts must accept the material facts alleged in the complaint as true, and not dismiss unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. The Supreme Court of the United

States articulated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances" in Younger v. Harris, 401 U.S. 37, 41 (1971). This policy, based on equity and comity, is commonly referred to as Younger abstention. Nivens v. Gilchrist, 444. F.3d 237, 241 (4th Cir. 2006). Accordingly, this Court must refrain from exercising jurisdiction and interfering with a state criminal proceeding except in "the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). Here, the plaintiff asks this Court to find that his indictment is defective, order his release from custody, and award him compensatory damages for his alleged illegal confinement. This Court agrees with the magistrate judge that, in order to grant this relief, this Court would have to interfere in a pending state criminal matter. The plaintiff has not demonstrated any exceptional circumstances which would merit this type of extraordinary relief. Accordingly, following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendations. This Court concludes, therefore, that the magistrate judge's recommendations concerning the plaintiff's § 1983 complaint be affirmed and adopted and the plaintiff's motion to proceed as a pauper be denied as moot.

## IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court

finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claim is DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e) and 1915A and the plaintiff's motion to proceed as a pauper is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 12, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE